UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                      Case No. 15-20609

KIMBERLY GORDON,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE**

Defendant Kimberly Gordon pleaded guilty to conspiracy to manufacture and distribute methamphetamine, 21 U.S.C. §§ 841(a)(1) and 846. (ECF No. 285, PageID.1532-33.) On May 23, 2019, the court sentenced her to 127 months imprisonment. (ECF No. 610, PageID.5218.) Her projected release date is March 28, 2026. (ECF No. 679, PageID.6089.)

Defendant has filed an "Emergency Motion for Compassionate Release from Custody Under 18 U.S.C. [§] 3582(c)(1)(A)(i)." (ECF No. 672.) She argues that the risk to her health presented by the Coronavirus Disease ("COVID-19") while incarcerated at FCI Danbury, in Danbury, Connecticut, justifies her immediate release. (*Id.*, PageID.6056-57.) The government has filed a response. (ECF No. 679.) The court has reviewed the record in this case and finds a hearing unnecessary. E.D. Mich. L.R. 7.1(f)(2). For the reasons provided below, the court will deny Defendant's motion.

A court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The court

must also weigh the sentencing factors provided under 18 U.S.C. § 3553(a) and determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement[]" with which courts must comply. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons." U.S. Sentencing Guidelines Manual § 1B1.13. The category of "Other Reasons" requires a determination from the Director of the Bureau of Prisons ("BOP") that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons" outlined in the other three categories. *Id.* § 1B1.13 cmt. n.1(D). The BOP has released Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances.[1] Federal Bureau of Prisons, U.S. Department of Justice, *Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)* (2019).

---

[1] After the passage of the First Step Act in 2018, district courts in the Sixth Circuit remain divided over whether only the BOP Director may determine if a defendant's circumstances fall within the category of "Other Reasons." *Compare United States v. Bolze*, --- F. Supp. 3d ----, 2020 WL 2521273, at *7 (E.D. Tenn. May 13, 2020) (quoting U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(D)) ("[O]nly the 'Director of the Bureau of Prisons' can determine that such 'other reasons' exist."), *with United States v. Young*, --- F. Supp. 3d ----, 2020 WL 1047815 (M.D. Tenn. Mar. 4, 2020) ("[F]ederal judges are no longer constrained by the BOP Director's determination of what constitutes extraordinary and compelling reasons for a sentence reduction.").

In all, a defendant seeking compassionate release must present "extraordinary and compelling" circumstances, must have § 3553(a)'s sentencing factors weigh in her favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B.13 of the Sentencing Guidelines. 18 U.S.C. § 3582(c)(1)(A); U.S. Sentencing Guidelines Manual § 1B.13; *United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *2 (E.D. Mich. Jan. 31, 2020) (Leitman, J.) (summarizing compassionate release requirements); *see also United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020).

The court first notes that there are two procedures by which it may hear motions for compassionate release. First, the BOP can move for compassionate release. 18 U.S.C. § 3582(c)(1)(A). That procedure is not applicable here. The BOP did not move for or endorse Defendant's release.

Second, after the passage of the First Step Act in 2018, Defendant can file a motion on her own. 18 U.S.C. § 3582(c)(1)(A). However, he may do so only "after [she] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [her] behalf or the lapse of 30 days from the receipt of such a request by the warden of [Defendant's] facility, whichever is earlier." *Id.*

Defendant does not present evidence, nor does she allege, that she filed a request for compassionate release with the BOP. There is no indication she waited thirty days after filing a request or exhausted administrative remedies before filing her motion.

The government asserts that Defendant submitted a request for compassionate release to the warden at her place of incarceration on June 9, 2020. (ECF No. 679,

3

PageID.6092.) The warden apparently denied the request on June 11 and, nine days after originally submitting the request, Defendant filed the instant motion on June 18. (*Id.*) The government provides no indication that Defendant exhausted administrative appeals prior to filing her motion.

Nonetheless, the government "does not contest that [Defendant] has satisfied [§] 3582(c)(1)(A)'s exhaustion requirement." (*Id.*, PageID.6095.) As a "mandatory claim-processing rule[]," exhaustion under § 3582(c)(1)(A) applies "only when properly asserted and not forfeited." *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020) (citing *Eberhart v. United States*, 546 U.S. 12, 19 (2005)). Thus, the court will address the merits of Defendant's motion. *Id.*

Defendant's circumstances are not "extraordinary and compelling." 18 U.S.C. § 3582(c)(1)(A). "Extraordinary" is defined as "exceptional to a very marked extent." *Extraordinary*, Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Compelling*, Webster's Third International Dictionary, Unabridged (2020). A court in this district has described the requirements of "extraordinary" in the context of compassionate release "as beyond what is usual, customary, regular, or common," and a "'compelling reason' as one so great that irreparable harm or injustice would result if the relief is not granted." *Sapp*, 2020 WL 515935, at *3 (citations removed).

Defendant is thirty-four years old and does not claim she has any serious or debilitating preexisting health condition. (ECF No. 679, PageID.6097.) She states explicitly that she has "no underlying medical conditions." (ECF No. 672, PageID.6056.) In preparation for her sentencing in May 2019, the Probation Office "reported no chronic

4

illnesses, current medications, [or] allergies." (ECF No. 679, PageID.6097.) Defendant's most recent medical examination found that she was recovering from an ankle injury and had a Body Mass Index ("BMI") of 31.8. (ECF No. 679-1, PageID.6224.) The government points out that her BMI makes her obese, although a 31.8 BMI falls near the bottom of the range of obesity. *Defining Adult Overweight and Obesity*, Centers for Disease Control and Prevention, https://www.cdc.gov/obesity/adult/defining.html#:~:text=If%20your%20BMI%20is%20less,falls%20within%20the%20obese%20range. (last visited July 10, 2020) (stating that the lowest level of obesity starts at a 30 BMI and goes to 35).

At FCI Danbury, where Defendant is housed, ninety-four inmates out of 805 have tested positive for COVID-19. *COVID-19: Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 10, 2020); *FCI Danbury*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/dan/ (last visited July 10, 2020). However, as of now, there are zero confirmed cases of active COVID-19 among inmates and staff. *COVID-19: Coronavirus*, *supra*. Defendant and her entire unit were tested for COVID-19 on May 28, 2020; she tested negative. (ECF No. 679-1, PageID.6273.)

The BOP has taken steps to mitigate the spread of COVID-19 throughout the federal prison system, including at FCI Danbury. Inmates' internal movement is suspended, subject to narrow exceptions such as medical examinations; staff receive health screening and temperature checks; newly arriving inmates are screened for exposure risks and symptoms; symptomatic and asymptomatic inmates with exposure risks are quarantined or isolated; social visits have been canceled. *BOP Implementing*

*Modified Operations*, Federal Bureau of Prisons,

https://www.bop.gov/coronavirus/covid19_status.jsp (last visited July 10, 2020). (ECF No. 679, PageID.6092-94.)

To find that Defendant's medical conditions are "extraordinary and compelling," the court would be forced to speculate as to existence of many material, yet unknown, facts. 18 U.S.C. § 3582(c)(1)(A). The court does not know whether COVID-19 will again enter FCI Danbury and spread, despite the BOP precautions. (ECF No. 679, PageID.6092-94.) The court also does not know whether Defendant will contract the disease and develop serious symptoms. Furthermore, Defendant may have a greater risk of exposure in free society, where she may have less monitoring and less effective access to quality healthcare. There are tens of thousands of cases across Defendant's home state of Michigan, and Defendant has received regular checkups and a COVID-19 test while at FCI Danbury. *Coronavirus: Michigan Data*, State of Michigan, https://www.michigan.gov/coronavirus/0,9753,7-406-98163_98173---,00.html (last visited July 10, 2020). (ECF No. 679-1, PageID.6223-25, 6273.)

Defendant has not met the requirements for compassionate release under § 3582(c)(1)(A). Even considering the outbreak of COVID-19, being mildly obese, when 42.4% of American adults are obese and additional 32% are overweight, is not a condition so extortionary that "injustice would result if the relief is not granted." *Sapp*, 2020 WL 515935, at *3; *Prevalence of Obesity and Severe Obesity Among Adults: United States, 2017-2018*, Centers for Disease Control and Prevention, https://www.cdc.gov/nchs/products/databriefs/db360.htm (last visited July 10, 2020); *See Obesity and Overweight*, Centers for Disease Control and Prevention,

6

https://www.cdc.gov/nchs/fastats/obesity-overweight.htm (last visited July 10, 2020).

While COVID-19 continues to pose a health risk to many in society, it does not justify Defendant's release at this time. Accordingly,

IT IS ORDERED that Defendant's "Emergency Motion for Compassionate Release from Custody Under 18 U.S.C. [§] 3582(c)(1)(A)(i)" (ECF No. 672) is DENIED.

          s/Robert H. Cleland      /
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: July 14, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 14, 2020, by electronic and/or ordinary mail.

          s/Lisa Wagner      /
          Case Manager and Deputy Clerk
          (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\15-20609.GORDON.EmergencyMotionforCompassionateRelease.RMK.RHC.3.docx